**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CONDADO HOTEL OWNERS LLC, FAHAD GHAFFAR,**<br><br>    Plaintiffs<br><br>    v.<br><br>**PAULSON PRV HOLDINGS LLC, JOHN PAULSON, RAFAEL CEDEÑO, DUO CONDADO JV HOLDINGS LLC, JOHN DOE, AND COMPANY ABC,**<br><br>    Defendants | **CIVIL NO. 25-** |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

Defendants, Paulson PRV Holdings LLC ("Paulson PRV"), John Paulson ("Paulson"), Rafael Cedeño ("Cedeño"), Duo Condado JV Holdings LLC ("Duo Condado")(collectively, "Defendants"), through the undersigned, file this Notice of Removal pursuant to 28 USC §1441 to remove the above-captioned case, currently before the Court of First Instance of Puerto Rico, San Juan Superior Court, to the United States District Court for the District of Puerto Rico.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On February 11, 2025, Plaintiffs Condado Hotel Owners LLC ("CHO") and Fahad Ghaffar ("Ghaffar") filed a Complaint in the Court of First Instance of Puerto Rico, San Juan Superior Court, where the case is captioned and numbered: *Condado Hotel Owners, et al. v. Paulson PRV Holdings LLC, et al.,* Civil No. SJ2025CV0116 (802). **Exhibit A.**

Plaintiffs request: 1) a declaratory judgment determining that CHO is a member of Duo Condado; 2) a declaratory judgment determining that Section 12.2 of Duo Condado's Operating Agreement ─which provides for a mandatory redemption of interests held by a minority stakeholder of Duo Condado upon the occurrence of some conditions precedent─ does not apply

to the minority economic interest held by CHO; 3) a declaratory judgment setting forth CHO's rights to distributions under Duo Condado's Operating Agreement; 4) damages for breach of fiduciary duty against Paulson PRV, Paulson, and Cedeño in their official capacities; 5) damages for contractual fraud ("*dolo contractual*") against Paulson PRV, Paulson, and Cedeño in their official capacities; and 6) damages for contractual bad faith related to various acts allegedly carried out by the defendants with the intent of reducing the value of CHO's stake in Duo Condado in order to force a redemption of CHO's interest at a below-market price. *See id.*

On February 18, 2025, plaintiffs' counsel served the defendants' counsel with Notices of the Filing of a Complaint and Requests for Waiver of Service under Puerto Rico law, addressed separately to each named defendant.[1] Defendants notified plaintiffs that they would waive service on February 28, 2025. Accordingly, under Rule 4.5(c) of the Puerto Rico Rules of Civil Procedure, defendants must respond to the complaint on or before March 30, 2025. *See*, 32 LPRA Ap. V, R. 4.5(c) ("A defendant who returns the waiver of service within the period established in subsection (b)(5) of this rule must file their answer to the complaint within thirty (30) days after the date on which the waiver request is returned.").

On March 17, 2025, defendants, through counsel, filed a Motion for Leave to Appear as Counsel and for Extension of Time to File Responsive Pleading. **Exhibit B.** Defendants informed the Court of counsels' appearance and requested a court order extending the time to respond or otherwise plead until April 20, 2025. The Court granted the request on March 18, 2025, allowing until Monday, April 21, 2025, to file a responsive pleading.[2] **Exhibit C.**

---

[1] As required under 28 USC § 1446(b), this Notice of Removal is being filed on or before March 20, 2025, when the 30-day period provided in 28 USC § 1446(b) expires.

[2] April 20, 2025, falls on a Sunday. Under Rule 68.1 of the Puerto Rico Rules of Civil Procedure, when the last day of a period falls on a Saturday, Sunday, or legal holiday, the deadline is extended to the next available day that is not a Saturday, Sunday, or legal holiday. See, 32 LPRA Ap. V, R. 68.1 ("The last day of the computed period shall be

## II. GROUNDS FOR REMOVAL

Under 28 USC § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district courts of the United States for the district and division embracing the place where such action is pending." Under 28 USC § 1446, "[a] defendant or defendants desiring to remove any civil action…from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 USC §1446(a).

In pertinent part, 28 USC §1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizens of a State and citizens or subjects of a foreign state." 28 USC §1332(a). Puerto Rico is considered a "State" for purposes of diversity jurisdiction. 28 USC 1332(e).

### A. *Plaintiffs claim damages for over $75,000.00.*

The plaintiffs' Complaint primarily seeks declaratory judgments regarding CHO's rights in relation to Duo Condado. Additionally, CHO and Ghaffar assert claims for damages under Puerto Rico law. To establish this Court's jurisdiction, those claims must seek monetary damages exceeding $75,000. In cases like this, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). The party invoking diversity jurisdiction bears the burden of proving that the amount-in-controversy requirement is met. *See, Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004). The jurisdictional threshold is clearly satisfied in this case because Plaintiffs assert that their economic interest in Duo Condado exceeds $7,000,000 and seek additional damages

---

included, provided it is not a Saturday, Sunday, or legal holiday. If it falls on one of these days, the deadline shall be extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

exceeding $50,000,000 for alleged breaches of fiduciary duty and contractual torts. *See,* **Exhibit A**, ¶¶195, 208, 224.

### B. *Plaintiffs are domiciled in Puerto Rico*.

In the First Circuit "the citizenship of a limited liability company 'is determined by the citizenship of its members.'" *D.B. Swirn Special Opportunities Fund, L.P. v. Mehrortra*, 661 F.3d 124, 125 (1st Cir. 2011) (quoting *Pramco, LLC ex. rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006)). If even one of the members of an LLC is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must be considered. *Id.* at 126-27 (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). The process is "'iterative,' and a party must 'trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be." *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023)(citations omitted).

Plaintiff CHO is a limited liability company with two members, Ibrahim Odeh and Defendant Ghaffar. Upon information and belief, Odeh is domiciled in Puerto Rico. Ghaffar admits to being domiciled in Puerto Rico, as well. **Exhibit A**, ¶2. As such, CHO is considered a resident of Puerto Rico for the purposes of this analysis. Being that Ghaffar is the other named Plaintiff, both plaintiffs in this case are residents of Puerto Rico.

### C. *Paulson PRV and Duo Condado are domiciled in Delaware and New York.*

Defendant Paulson PRV is a limited liability company whose sole member is another LLC, Paulson Management IV LLC. *See* **Exhibit A-2**. Paulson Management IV LLC, in turn, has two members, the Paulson 2009 Family Trust and Paulson Capital Inc.

A corporation's citizenship, for diversity jurisdiction purposes, "is both the state where it is incorporated and the state "where it has its principal place of business." *Celli v. Greenwich Ins. Co.*, 478 F. Supp. 3d 93, 95–96 (D. Mass. 2020)(quoting 28 U.S.C. § 1332 (c)(1)). Paulson Capital Inc. is incorporated in Delaware and its principal place of business is in New York, where its primary offices and its upper corporate management are based. It is therefore a citizen of Delaware and New York.

If one of the members of an LLC is a trust, as is the case here, "then an analysis of the trustee's citizenship must follow." *ML-CFC 2007-6 Puerto Rico Properties, LLC v. BPP Retail Properties, LLC*, No. CV 17-1199 (PAD) (MEL), 2017 WL 9732563, at *7 (D.P.R. Dec. 13, 2017), report and recommendation adopted, No. CV 17-1199 (PAD), 2018 WL 1508555 (D.P.R. Mar. 27, 2018). J.P. Morgan Trust Company of Delaware is the trustee of the Paulson 2009 Family Trust. The trust is thus a citizen of Delaware. Paulson PRV is therefore a resident of both Delaware and New York because the two members of its sole member, Paulson Management IV LLC, are residents of Delaware and New York.

Duo Condado, on the other hand, is a single-member LLC. While the plaintiffs seek a declaratory judgment determining that CHO is a member of Duo Condado, there is no question that, at this moment, CHO has not been held to be a member of Duo Condado. In fact, the Puerto Rico Court of Appeals, on February 18, 2025, held that CHO is **not a member of Duo Condado.** Specifically, in the case *Condado Hotel Owners, LLC, Appellant, v. Duo Condado JV Holdings, LLC, et al., Appellees*, Civil No. KLAN202400667, the Appellate Court ruled as follows:

> Considering the foregoing, it is abundantly clear that upon reviewing the Limited Liability Company Agreement of Duo Condado and the Membership Interest Purchase Agreement executed by the appellant, CHI, and Duo Condado (signed by Ghaffar), Paulson PRV, as a member and Managing Member of Duo Condado, has not consented to the admission of the appellant as a member of the Duo Condado company, as required in Section 12.6 of the entity's Limited Liability Company

5

Agreement. Nor does the Membership Interest Purchase Agreement indicate that Paulson PRV attended the same to consent to the appellant's admission as a member of Duo Condado, as stipulated in the agreement. Similarly, there is no indication in any other document in the record that Paulson PRV, as Managing Member of Duo Condado, consented to the appellant's admission as a member of Duo Condado, nor that the Limited Liability Company Agreement of the entity was amended to admit the appellant as an official member of Duo Condado. Given that the Limited Liability Company Agreement is the foundational document detailing the procedure for admitting a member into the Duo Condado entity, failing to comply with its requirements, especially the one set forth in the aforementioned Section 12.6, which stipulates that members must consent to the admission and that Paulson PRV must amend the Limited Liability Company Agreement of Duo Condado, prevents us from reaching a conclusion contrary to the primary forum's ruling, namely, that the appellant did not become a member of Duo Condado.

Accordingly, Paulson PRV is the sole member of Duo Condado. Because Paulson PRV is a resident of both Delaware and New York, so too is Duo Condado.

### D. Paulson and Cedeño were sued in their official capacity and are thus domiciled in Delaware and New York.

The Complaint is silent on whether Paulson and Cedeño are being sued in their personal capacity or in their capacity as officers of Paulson PRV and/or Duo Condado, but the course of proceedings in this case reflects that the two were sued in their official capacities as officers of Paulson PRV and/or Duo Condado. "The main concern of a court in determining whether a plaintiff is suing defendants in their official or individual capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued." *Young Apartments, Inc. v. Town of Jupiter*, FL, 529 F.3d 1027, 1047 (11th Cir. 2008)(citing *Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir.1995)). "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." *Young,* at page 1047. (citing *Jackson v. Georgia Dep't of Trans*., 16 F.3d 1573, 1575 (11th Cir.1994)). In looking at the course of proceedings, "courts consider such factors as the nature of plaintiff's claims, requests for compensatory or punitive damages, and the nature of

any defenses raised in response to the complaint." *Id.* Consideration of these factors prompts the conclusion that the two men were sued in their official capacity.

First, the portions of the Complaint that explicitly mention Cedeño and Paulson allege acts taken in their capacity as officers of Paulson PRV. CHO and Ghaffar generally allege that the two men were part of a scheme intended to benefit Paulson PRV over CHO in the management of Duo Condado's affairs and a scheme to devalue CHO's economic interest in Duo Condado. The phrasing of the plaintiffs' allegations clearly reflect that these actions were undertaken for the benefit of Paulson PRV, and not each individual's personal benefit. For example:

> 154. Therefore, **both are trying, for the benefit of Paulson PRV**, to present an unattractive economic picture for Duo Condado, so that they can prevent third parties interested in purchasing from Ghaffar from doing so.
>
> 155. Likewise, **Paulson and Cedeño Paulson seek to position Paulson PRV so that the entity acquires the ownership interest of Condado Hotel**, but at a ridiculously low price compared to its true market value.
>
> …
>
> 193. **Cedeño Paulson and Paulson PRV have the duty, as officers and managers of Duo Condado, respectively**, to manage, oversee, and conduct the affairs and business of Duo Condado skillfully, diligently, and carefully, and to maintain accurate and honest accounts of all the matters and business transactions of Duo Condado, including calculations related to income and capital distributions and the calculation of the IRR cap, to ensure that the owners of Duo Condado receive the distributions to which they are fully entitled.
>
> 194. **Cedeño Paulson and Paulson PRV grossly failed to properly fulfill the duties and obligations inherent to their positions** in that they did not provide adequate care and oversight of the affairs and business of Duo Condado in a careful and diligent manner, using the judgment and commercial skill commonly exhibited by persons in similar positions. Instead, they neglected these obligations, allowing the funds, assets, and properties of Duo Condado to be impaired or mismanaged.
>
> **Exhibit A**, ¶¶154, 155, 193, 194. (Emphasis ours.)[3]

---

[3] Translations by counsel. Certified translations will be submitted forthwith.

Second, at various points in the Complaint, the plaintiffs refer to the individual defendants as "agents" of the Paulson PRV and/or Duo Condado and make no effort to distinguish each defendant individually.[4] This further supports the conclusion that Paulson and Cedeño are being sued in their capacity as officers of Paulson PRV and/or Duo Condado.

Third, while the Complaint acknowledges Cedeño is married, his spouse is not named as a defendant. If Cedeño were sued in his personal capacity, his spouse and their conjugal partnership would be necessary parties under Puerto Rico law. Her exclusion as a party conclusively establishes the plaintiffs' intent to sue Cedeño as an officer of Paulson PRV and/or Duo Condado, not as an individual.

Because the two were sued in their official capacity, Paulson and Cedeño are citizens of Delaware and New York, as "[a]ctions against persons in their official capacity are based on the statutory citizenship of the entity they represent." *Rodriguez Garcia v. Davila*, 1988 WL 124046, at *3 (D. P.R. 1988)(Pieras, J.), aff'd, 904 F.2d 90 (1st Cir. 1990)(citing *Trans–Bay Engineers & Builders, Inc. v. Hills,* 551 F.2d 370 (D.C. Cir.1976)); *see also Umphress v. Hall*, 2020 WL 4731980 (N.D. Tex. 2020)("Although it is axiomatic that a person sued solely in their official capacity is a natural person, for all intents and purposes of litigation, the party is not the natural person currently holding the office, but the office itself.") Accordingly, there is perfect diversity between the parties to this case.

---

[4] *See,* **Exhibit A**, *State Complaint*, at page 2, which reads: "Worse yet, upon information and belief, Duo Condado, Paulson PRV Holdings, John Paulson, his nephew Rafael Cedeño Paulson, and other of their agents (hereinafter referred to as "Paulson") are preparing to carry out a sort of coup d'état to forcibly strip Condado Hotel of its ownership interest in Duo Condado, through a share redemption process that does not apply to Condado Hotel. Through this scheme, Paulson intends to execute a squeeze-out' of Condado Hotel, eliminating its right, among others, to receive future distributions from the lucrative operations of the hotels and their assets, as well as any distribution of "capital proceeds" should Paulson completely disengage from those assets."

### III. CONCLUSION

The plaintiffs are citizens of Puerto Rico, and the defendants are citizens of Delaware and New York, because that is where the ultimate beneficiaries of Paulson PRV and Duo Condado are domiciled. Thus, because the complaint also seeks damages in excess of $75,000.00, the Court has subject matter jurisdiction over this action, pursuant to 28 USC §1332(a).

**WHEREFORE**, Defendants give notice of the removal of this action and request that the case proceed before this Honorable Court as an action properly removed.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF to all appearing parties or their attorneys of record by way of their designated email addresses.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico on March 20, 2025.


By:

**DMR Law**
**Counsel for Defendants**
Capital Center Bldg.
Suite 1101
San Juan, PR 00918
Tel. 787-331-9970

*s/ Maria A. Dominguez*
Maria A. Dominguez
USDC-PR No. 210908
m.dominguez@dmrpr.com

*s/Javier F. Micheo-Marcial*
Javier F. Micheo Marcial
USDC-PR No. 305310
j.micheo@dmrpr.com

*s/ Julián R. Rodríguez-Muñoz*
Julián R. Rodríguez-Muñoz
USDC-PR No. 308301
j.rodriguez@dmrpr.com