THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CONDADO HOTEL OWNERS LLC, FAHAD GHAFFER,**<br>　　Plaintiffs,<br><br>vs.<br><br>**PAULSON PRV HOLDINGS LLC, JOHN PAULSON, RAFAEL CEDÑO, DUO CONDADO JV HOLDINGS LLC, JOHN DOE, AND COMPANY ABC,**<br>　　Defendants. | Case No. 25-01167 (RAM) |

**MOTION TO STAY**

**TO THE HONORABLE COURT:**

COME NOW, Plaintiffs, Condado Hotel Owners LLC ("CHO") and Fahad Ghaffar, (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and respectfully state and pray:

Currently pending before this Honorable Court is Plaintiffs' Motion to Remand. On the same day that Defendants filed their opposition to the remand motion, they also moved to dismiss the Complaint. *See* Dkt. No. 20. On May 7, 2025, the Court held the motion to dismiss in abeyance and ordered Plaintiffs to respond by May 19, 2025. *See* Dkt. No. 22. Yesterday, the Court authorized Plaintiffs to file a Reply brief, which was submitted at Docket Entry No. 26. Defendants promptly requested leave to file a sur-reply within seven days, on or before May 19, 2025. If granted, such filing will complete the briefing on this significant jurisdictional issue.

Plaintiffs respectfully submit that the Court should stay the entirety of this action until it resolves the threshold question of subject-matter jurisdiction. A brief stay pending adjudication of the Motion to Remand would avoid unnecessary litigation on a dispositive motion and prevent undue prejudice to Plaintiffs. Without a stay, Plaintiffs would be forced to expend substantial time and resources responding to a motion to dismiss in a forum whose jurisdiction remains contested.

Importantly, Defendants will not suffer prejudice from a brief pause in litigation. They will have the opportunity to assert their defenses in the appropriate forum, once the jurisdictional dispute is resolved. Indeed, Defendants waited nearly ninety (90) days after the Complaint was filed on February 11, 2025, to raise their Rule 12(b)(6) defenses. The jurisdictional issue, by contrast, is nearly fully briefed and likely to be resolved within weeks.

A stay will promote judicial economy and protect party resources. As courts have recognized, the inherent power to stay proceedings may be exercised to ensure the efficient management of the docket and to maintain a fair balance among competing interests. *See* Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004); *see also* New Balance Athletic Shoe, Inc. v. Converse, Inc., 86 F. Supp. 3d 35, 37 (D. Mass. 2015); Blue Cross and Blue Shield of Mass., Inc. v. Regeneron Pharms., Inc., 633 F. Supp. 3d 385, 392-93 (D. Mass. 2022).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55 (1936), cited with approval in Rafael Rodriguez Barril, Inc. v. Conbraco Indus., 2008 U.S. Dist. LEXIS 134662 (D.P.R. 2008).

For the foregoing reasons, Plaintiffs respectfully request that the Court exercise its inherent discretion to stay all proceedings in this case until it rules on the pending Motion to Remand. Proceeding with substantive litigation before resolving the fundamental question of jurisdiction would risk unnecessary expense, inefficiency, and potential prejudice to Plaintiffs, who may ultimately have to re-litigate the same issues in a different forum (and in a different language). A short stay will conserve judicial resources, prevent duplication of efforts, and promote fairness for

all parties. Plaintiffs therefore respectfully urge the Court to enter an order staying this case pending its determination of the proper forum.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court grant the present motion.

Dated: May 14, 2025                              Respectfully submitted,

| | |
|---|---|
| **H. LOPEZ LAW, LLC**<br>Metro Office Park<br>Building 11, Suite 105-A<br>Guaynabo, PR 00968<br>Tel: (787) 422-0243<br><br>*/s/Heriberto López-Guzmán*<br>**HERIBERTO LÓPEZ GUZMÁN**<br>USDC-PR No. 224611<br>E-Mail: hlopez@hlopezlaw.com | **JOSÉ A. ANDRÉU LAW OFFICES**<br>261 Ave. Domenech<br>San Juan, PR 00918-3518<br>Phone (787) 754- 1777<br>Facsimile (787) 763-8045<br><br>*s/José A. Andréu-Fuentes*<br>**JOSÉ A. ANDRÉU-FUENTES**<br>USDC-PR 204409<br>E-Mail: *jaf@andreu-sagardia.com*<br><br>*s/Alfredo M. Umpierre-Soler*<br>**ALFREDO M. UMPIERRE-SOLER**<br>USDC-PR 226205<br>E-Mail: *aumpierresoler@gmail.com* |
| **VICENTE LAW, LLC**<br>P.O. Box 11609<br>San Juan, P.R. 00910-1609<br>Phone: (787) 751-8000<br>Facsimile (787) 756-5250<br><br>*s/Harold D. Vicente*<br>**HAROLD D. VICENTE**<br>USDC-PR 117711<br>E-Mail: *hvicente@vclawpr.com*<br><br>*s/Harold D. Vicente-Colón*<br>**HAROLD D. VICENTE-COLÓN**<br>USDC-PR 211805<br>E-Mail: *hdvc@vclawpr.com* | |